IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ISSAC KING, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 5:23-cv-00456-MTT-CHW |
| v. | : | |
| | : | |
| DOOLY STATE PRISON, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |
| | : | |

## ORDER

*Pro se* Plaintiff Issac King, Jr., a prisoner at Dooly State Prison in Unadilla, Georgia, filed this 42 U.S.C § 1983 complaint. ECF No. 1. Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."

If Plaintiff's complaint is an attempt to raise constitutional claims under 42 U.S.C § 1983, this pleading is wholly insufficient to do so. Plaintiff complains that he fell from a top bunk, injuring his mouth, and that he is not receiving adequate medical treatment. ECF No. 1 at 3. Plaintiff names Dooly State Prison as well as "Medical Unit", "Wellpath", "P.A. doctor Mr. Vevinal", P.A. Woodar, and "Nurse B.B." as Defendants. *Id*. at 1. It is unclear, however, why Plaintiff has named them as Defendants because there are no allegations whatsoever within the body of the complaint to implicate them in any unconstitutional act. *See id*. at 4-5.

A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir.

2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Moreover, a damages suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation. *See Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995); *West v. Atkins*, 487 U.S. 42, 48 (1988) (requiring in a § 1983 case an allegation of the violation of a right secured by the Constitution of the United States by a person acting under color of state law). Conclusory references to "administration", "staff", "employees", "medical unit", and all persons within an organization in general fail to put any certain individual on notice of alleged wrongdoing. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam) (finding that as a general rule, "fictitious party pleading is not permitted in federal court"); *Douglas*, 535 F.3d at 1322. Collective liability, when claims are brought against a group of unnamed defendants such as "unit" or "staff" or "employees", is not permitted under § 1983, and a plaintiff must name a specific state actor who committed the civil rights violation. *See id.*; *Huey v. Raymond*, 53 F. App'x 329, 330 (6th Cir. 2002) (affirming dismissal as frivolous plaintiff's claims that "prison employees ... were conspiring to make [his] life miserable by poisoning virtually every item of food served to [the plaintiff] in the prison cafeteria, in his cell, and purchased at the canteen"). Likewise, a state prison such as Dooly State Prison is not a legal entity subject to suit and is not a

"person" under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58. 71; *Brown v. Med.*, 2016 WL 4499092, at *2 (M.D. Ga. Aug. 26, 2016) (dismissing § 1983 claims against Riverbend Correctional Facility); *Allen v. Brown*, 2013 WL 1333175, at *3 (S.D. Ga. Mar. 7, 2013) ("federal courts in Georgia . . . have determined that jails and prisons are not legal entities subject to liability in § 1983 claims").

Finally, a review of Plaintiff's filing history reveals that he has brought at least three civil actions which were dismissed and count as strikes under 28 U.S.C. § 1915(g). *See e.g.,* ECF No. 5 in *King v. Perry*, No. 5:14-CV-00388-LJA-MSH (M.D. Ga. Dec. 11, 2014) (dismissing on statute of limitations grounds and specifically noting the dismissal counted as a strike for purposes of § 1915(g));  ECF No. 6 in *King v. Houston County*, No. 5:14-CV-0387-MTT-MSH (M.D. Ga. Nov. 19, 2014) (dismissing for failure to state a claim); ECF No. 21 in *King v. Houston County Sheriff's Office*, No. 5:14-CV-00058-MTT-MSH (M.D. Ga. Apr. 21, 2014) (specifically noting the dismissal should count as a strike for purposes of § 1915(g)); ECF Nos. 5 and 7 in *King v. Beckham,* No. 5:15-cv-298-MTT-CHW, (M.D.Ga. Feb. 8, 2016) (district court denied this Plaintiff's motion to proceed *in forma pauperis* citing to Plaintiff's previous strikes and dismissed Plaintiff's complaint pursuant to § 1915(g)).  Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Because Plaintiff is proceeding *pro se*, **the Court will afford Plaintiff one opportunity to remedy the defects** as explained herein. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam).  If he wishes to proceed with this civil action, Plaintiff must submit an amended complaint on the Court's standard § 1983 form.  His amended complaint

3

will supersede the original complaint. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) (citations omitted); *Fritz v. Standard Sec. Life Ins.Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Plaintiff is hereby notified that **one sole operating complaint** is permissible. In other words, Plaintiff's amended complaint will take the place of his original complaint, including all exhibits or attachments, and the Court will not refer to the original complaint to determine whether Plaintiff has stated a viable claim.

The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is also directed that, when drafting his statement of claims, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did this Defendant do (or not do) to violate your rights? In other words: What was the extent of this Defendant's role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?[1]

(3) When and where did each action occur (to the extent memory allows)?

---

[1] Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). A prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation).

(4)     How were you injured because of this Defendant's actions or inactions?

(5)     What relief do you seek from this Defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case.  If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.  If Plaintiff fails to demonstrate that he is in imminent danger of serious physical injury, he will be denied permission to proceed in forma pauperis and his complaint will be dismissed.  If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. If Plaintiff fails to follow the instructions of this Court Order, his complaint will be dismissed. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action sua sponte under Rule 41(b) for …failure to obey a court order.").

Plaintiff must truthfully and completely answer each question presented on the Court's standard form including but not limited to his litigation history and his efforts to exhaust his administrative remedies.  Plaintiff need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.  *See* Fed. R. Civ. P. 8.  ***The total complaint must be no longer than ten (10) pages.*** Plaintiff is not to include any exhibits or attachments.

## CONCLUSION

If Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the Court's standard § 1983 form as instructed.  While this action is pending, Plaintiff must also immediately inform the Court in

5

writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward a copy of this order and a 42 U.S.C. § 1983 complaint form (with the civil action number shown on all) to Plaintiff.

So **ORDERED**, this 18th day of January, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge